IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN RASHAD FORREST, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 16-1097-JDT-egb |
| | ) | Crim. No. 07-10058-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

On August 22, 2007, Justin Rashad Forrest entered a guilty plea to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (No. 07-10058, Crim. ECF Nos. 23 & 24.) At sentencing this Court determined, based on his three prior Tennessee state-court convictions for aggravated burglary, that Forrest qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 264-month term of imprisonment and a five-year term of supervised release. (No. 07-10058, Crim. ECF Nos. 30 & 32.) Forrest did not file an appeal.

On November 19, 2008, Forrest filed a *pro se* motion pursuant to 28 U.S.C. § 2255, which was ultimately denied. *Forrest v. United States*, No. 08-1284-JDT-egb (W.D. Tenn. Mar. 2, 2012), *certificate of appealability denied*, No. 12-5325 (6th Cir. Sept. 17, 2012), *cert. denied*, 134 S. Ct. 292 (2013). On May 13, 2016, Forrest filed another *pro se* motion pursuant to 28 U.S.C. § 2255, contending that his sentence is unlawful under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) Counsel was appointed, and the Sixth Circuit subsequently authorized

this Court to hear that second or successive § 2255 motion. *In re Forrest*, No. 16-5877 (6th Cir. Dec. 21, 2016).[1]

In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at 2563. The decision in *Johnson* later was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

At the time of Forrest's sentencing, it was the law in the Sixth Circuit that Tennessee aggravated burglary qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause. *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). However, the Sixth Circuit has now overruled *Nance* in *United States v. Stitt*, 860 F.3d 854, 860-61 (6th Cir. 2017) (en banc). In *Stitt*, the Court of Appeals held that "[b]ecause Tennessee's aggravated-burglary statute is both broader than generic burglary under the categorical approach and indivisible, a conviction under the statute does not count as a violent felony under the ACCA." *Id.* at 862. As a result of that decision, Forrest's prior Tennessee convictions for aggravated burglary can no longer be used as predicate offenses under either the enumerated offenses clause or the residual clause of the ACCA. Therefore, Forrest no longer qualifies as an armed career criminal and is entitled to relief under § 2255.

Forrest has filed a motion asking that he be granted immediate release from incarceration. (ECF No. 26.) Absent the ACCA enhancement, the maximum prison sentence Forrest could have received was 10 years or 120 months, which he has already served. At a status conference held on

---

[1] Prior to the decision in *Johnson*, the Sixth Circuit denied Forrest's first request to file a second or successive § 2255 motion. *See In re Forrest*, No. 14-5967 (6th Cir. Feb. 13, 2015).

August 10, 2017, the United States agreed that Forrest's § 2255 motion should be granted and an amended criminal judgment entered sentencing him to time served.

Because Forrest no longer qualifies for an enhanced sentence under the ACCA, the motion under 28 U.S.C. § 2255 is GRANTED. The judgment in the criminal proceeding is hereby SET ASIDE. The Clerk is directed to prepare an amended criminal judgment sentencing Forrest to time served and three years of supervised release.[2]

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] With a maximum sentence of ten years, 18 U.S.C. § 922(g) is a Class C felony. *See* 18 U.S.C. § 3559(a)(3). In accordance with 18 U.S.C. § 3583(b)(2) and U.S.S.G. 5D1.2(a)(2), the maximum term of supervised release for a Class C felony is three years.